UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| WELLS FARGO BANK, N.A., | ) | |
| as Trustee for Merrill Lynch | ) | |
| Mortgage Investors Trust, Mortgage | ) | |
| Loan Asset-Backed Certificates, | ) | |
| Series 2003-OPT1, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **1:15-cv-00015-PPS-SLC** |
| | ) | |
| JOY JONES, et al., | ) | Removed from Allen County Superior |
| | ) | Court, 02D01-10-10-MF-871 |
| Defendants. | ) | |

## OPINION AND ORDER

This case was filed in Indiana state court in 2010. Defendant Joy Jones removed it to this federal court on January 16, 2015. (Docket Entry 2.) Plaintiff Wells Fargo's motion to remand (DE 11) is pending and not yet fully briefed. Jones's motion from 2011 to "Strike Plaintiff's Assignment of Mortgage and 'Original' Notes and Allonges" (DE 7) is also still pending, and appears to be fully briefed, so I will take up that motion.

Jones's motion seeks to strike exhibits that Wells Fargo filed purporting to be the mortgage, note, and assignment documents at issue. Jones apparently challenges the validity of the assignment, and Wells Fargo's standing to sue Jones. In effect, Jones's motion to strike gets at the very heart and substance of this case. A motion to strike is not the appropriate means for doing this. The validity, interpretation, and effect of the

challenged documents are matters properly addressed in other ways, through dispositive motions or trial for example, but not a motion to strike.

**THEREFORE** Jones's Motion to Strike Plaintiff's Assignment of Mortgage and "Original" Notes and Allonges is **DENIED**. (DE 7.)

**SO ORDERED.**

ENTERED: March 16, 2015

/s/ Philip P. Simon
**PHILIP P. SIMON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**