UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| WELLS FARGO BANK, N.A., as Trustee for Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2003-OPT1, | ) ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | **1:15-cv-00015-PPS-SLC** |
| JOY JONES, et al., | ) ) ) | Removed from Allen County Superior Court, 02D01-10-10-MF-871 |
| Defendants. | ) | |

## OPINION AND ORDER

Wells Fargo filed this case in Indiana state court in 2010 alleging that Joy Jones defaulted on her mortgage. Jones removed the case to this court on January 16, 2015. (Docket Entry 2.) Plaintiff Wells Fargo seeks remand of the case to state court, arguing that removal was untimely by about four years, and also that the other defendants did not indicate their consent to removal. (DE 11.) Jones opposes remand, arguing that equitable tolling should apply to her removal effort for several reasons, among them that Wells Fargo violated federal law and behaved deceptively and unfairly. (DE 19, 20, 22.) For the following reasons I find that this case may not be removed to this Court, and I will therefore order it remanded.

## BACKGROUND

Jones got a mortgage loan from Option One Mortgage Corporation in 2003. The mortgage was ultimately transferred to Wells Fargo (Jones challenges the validity of the

transfer). By 2010 Jones was in default on the loan, and Wells Fargo filed this case in October 2010 seeking a judgment against Jones and foreclosure of her mortgage. (DE 1 at 1-2, 4-5.) The case proceeded for years in state court, so I'm not going to get too far into the weeds, but I don't need to for the purpose of addressing removal and remand. Jones's filings in this Court also get into the underlying merits, but I'm not going there any more than is necessary to address her argument that equitable tolling should be applied to her removal to federal court.

Notably, Jones explains that "[o]n or about May, 2011," after months of research, "it became clear that it was the Plaintiff that had not only failed to credit payments made by the Defendant to her account but as well had falsely and inappropriately made multiple charges to her escrow account." (DE 19 at 3.) Jones goes on to explain that she talked to a "volunteer advisory counsel" over the phone about "her discovery which now provided evidence for her RESPA and TILA claims. The attorney advised her that because she had timely mentioned the Federal violations as counterclaims they would be preserved as counterclaims in a Federal law suit against the Plaintiff which she could initiate at any time." (*Id.*) So it is apparent, from Jones's own filing, that she knew of the potential federal issues in the case by May 2011, yet didn't remove the case to federal court for another three-and-a-half years.

Jones's excuses for waiting so long are these: She claims that some of her filings were not well taken in state court, and the way she was treated there made her "very fearful of submitting pleadings to the Court without a great deal of fear and

2

trepidation." (*Id.*) She states that her counterclaims arise under federal law, over which federal courts have "exclusive as well as original and federal question jurisdiction." (DE 20 at 2; *see also*, *id.* at 5.) And, probably most importantly, Jones alleges that "Plaintiff misrepresented substantial and material issues of fact and otherwise deceived the Defendant of its true intent with respect to loss mitigation all of which prevented the Defendant a legally unsophisticated and untrained individual from fully and timely understanding the full scope of her rights and options and from taking necessary action to remove the case before January, 15, 2015." (*Id.*) Jones goes on to say that she diligently pursued the case as she understood it from 2010 to 2014. She argues that Wells Fargo's state complaint doesn't make clear the federal questions potentially at issue, and somehow Wells Fargo "prevented Defendant from understanding the full scope of its claims and decipher the extent of Federal and Removal jurisdiction. Defendant was thus prevented from from (*sic*) removing the case." (DE 20 at 3-4.) Jones goes on to point out that she lacked legal counsel, which meant it took her "much longer to research, read and understand the laws and procedures governing the case," and in any event "it is well settled that it is difficult to determine if there is a substantial federal question on the face of a well-pled complaint." (DE 20 at 4.) And Jones alleges that "Plaintiff also led her to falsely believe that it was going to settle the case." (*Id.*)

Moving on to the present, Jones filed a notice of removal and motion for leave to proceed *in forma pauperis* on January 16, 2015. (DE 2, 3.) Wells Fargo timely moved to remand on February 13, 2015. (DE 11.) Jones asked for and received an extension (DE

3

15, 17), then responded to the motion to remand. (DE 19, 20.) Wells Fargo replied. (DE 21.) Then Jones filed an amended response to the motion to remand – a second bite at the response apple, and also an untimely response filed several days after the already-extended response deadline. (DE 22.) Wells Fargo has moved to strike the amended response under Rule 12(f) because it is redundant and untimely, and also because Jones attached to it e-mails exchanged during the course of settlement that Wells Fargo argues are confidential and should not have been filed publicly on the record (if at all). (DE 23.)

The state case named several defendants in addition to Jones, described as creditors and others who might have an interest in the property at issue. These defendants did not file their consent to removal. Jones explains that they have told her they do not intend to participate in the case at all because Wells Fargo has priority with respect to the property and they don't think it's worth their time to be involved. According to Jones, those defendants "do not believe their consent for removal was necessary." (DE 20 at 2.)

## ANALYSIS

Defendants may remove state court cases to federal court if the district court would have had original jurisdiction. 28 U.S.C. § 1441(a). Jones only addresses federal question jurisdiction. 28 U.S.C. § 1331. But federal jurisdiction may alternatively arise out of complete diversity[1] of citizenship between the two sides of the "v" combined

---

[1] Complete diversity among properly joined parties means "that no plaintiff may be from the same state as any defendant." *Hart v. FedEx Ground Package Sys.*, 457 F.3d 675, 676 (7th Cir. 2006); *see* 28 U.S.C. § 1332(a), (c).

4

with an amount in controversy over $75,000. 28 U.S.C. § 1332. "Removal must occur within thirty days of the defendant's receipt of the complaint or within thirty days of the date that removal becomes possible." *Lott v. Pfizer, Inc.*, 492 F.3d 789, 792 (7th Cir. 2007) (citing 28 U.S.C. § 1446(b)). "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). "The party seeking removal bears the burden of proving the propriety of removal; doubts regarding removal are resolved in favor of the plaintiff's choice of forum in state court." *Morris v. Nuzzo*, 718 F.3d 660, 668 (7th Cir. 2013).

Jones doesn't discuss the citizenship of the parties, or diversity therein, and instead limits her argument for removal to the presence in the case of issues of federal law. The problem with that ground for removal is that the federal questions only arise in her counterclaims, and a counterclaim raising issues of federal law can't be the sole basis for removal. *See Holmes Group, Inc. v. Vornado Air Circulation Sys.*, 535 U.S. 826, 832 (2002) ("we decline to transform the longstanding well-pleaded-complaint rule into the 'well-pleaded-complaint-*or-counterclaim* rule' urged by respondent") (abrogated only with respect to patent and copyright counterclaims by 28 U.S.C. § 1454, the Leahy-Smith America Invents Act of 2011, "[a] civil action in which any party asserts a claim for relief arising under any Act of Congress relating to patents, plant variety protection, or copyrights may be removed to the district court of the United States for the district and division embracing the place where the action is pending"; *see, e.g., Peaches & Cream LLC*

5

*v. Robert W. Baird & Co.*, No. 14-cv-6633, 2015 U.S. Dist. LEXIS 42575, at *10 n.3 (E.D.N.Y. Mar. 31, 2015)); *see also*, *Vill. of Merrimac v. Eagles Nest on Lake Wisconsin, LLC*, No. 12-cv-824-wmc, 2012 U.S. Dist. LEXIS 164555, at *1-2 (W.D. Wis. Nov. 16, 2012). It appears that the question of removal might well begin and end there.

The parties don't address the issue of diversity jurisdiction, but for the sake of completeness I will go on to address Jones's arguments for removal and tolling as if removal was, at some point, theoretically possible in this case, which would probably only be true based on diversity.

Jones wants the Court to find that her 30-day time limit to remove the case was tolled such that her 2015 removal of the 2010 case was timely. Equitable tolling is a "doctrine [that] deals with situations in which timely filing is not possible despite diligent conduct. Waiting until the last hours is not diligent; the errors that often accompany hurried action do not enable the bungling lawyer to grant himself extra time." *Farzana K. v. Ind. Dep't of Educ.*, 473 F.3d 703, 705 (7th Cir. 2007) (citations omitted). "[E]quitable tolling is granted sparingly. Extraordinary circumstances far beyond the litigant's control must have prevented timely filing. . . . [T]he threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule." *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000) (citations omitted). "[S]uch relief is available only where the petitioner is unable to [act] within the statutory period due to extraordinary circumstances outside his control and through no fault of his own. Mistakes of law or ignorance of proper legal procedures are not extraordinary

circumstances warranting invocation of the doctrine of equitable tolling. Indeed, permitting equitable tolling of a statute of limitation for every procedural or strategic mistake made by a litigant (or his attorney) would render such statutes of no value at all to persons or institutions sued by people who don't have good, or perhaps any, lawyers." *Arrieta v. Battaglia*, 461 F.3d 861, 867 (7th Cir. 2006) (quotation marks and citations omitted).

On that note, a more general point: "Even pro se litigants . . . must follow the Rules of Civil Procedure." *Townsend v. Alexian Bros. Med. Ctr.*, 589 Fed. Appx. 338, 339 (7th Cir. 2015) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993); *Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006)).

Jones provides a variety of arguments for tolling: Wells Fargo acted deceptively by not raising potential federal issues in its complaint, and also by discussing settlement and offering Jones mortgage modifications; there are federal questions at issue, over which Jones says this Court has exclusive jurisdiction; Jones was self-represented; and the state court was very discouraging towards Jones. I will take up each in turn.

Jones argues that remand should be denied "because the Plaintiff has violated substantial portions of RESPA [(Real Estate Settlement Procedures Act)], TILA [(Truth in Lending Act)] and Title X laws. Which grants this Court exclusive as well as original and federal question jurisdiction." (DE 20 at 2.) This is simply incorrect. First, as I noted above, a counterclaim raising issues of federal law can't be the sole basis for removal. *See Holmes Group, Inc. v. Vornado Air Circulation Sys.*, 535 U.S. 826, 832 (2002) ("we

7

decline to transform the longstanding well-pleaded-complaint rule into the 'well-pleaded-complaint-or-counterclaim rule' urged by respondent") (abrogated only with respect to patent and copyright counterclaims by 28 U.S.C. § 1454, the Leahy-Smith America Invents Act of 2011).

Second, federal courts have original, but not exclusive, jurisdiction in the areas Jones raises so their presence in the case doesn't weigh in favor of removal to federal court. Jones isn't entirely clear about her RESPA counterclaim, or what section it arises under, but based on the facts that are offered it appears she may be referencing 12 U.S.C. § 2605, entitled "Servicing of mortgage loans and administration of escrow accounts." Any action brought under that section (as well as under sections 2607 or 2608) "may be brought in the United States district court or in any other court of competent jurisdiction, for the district in which the property involved is located, or where the violation is alleged to have occurred . . . ." 12 U.S.C. § 2614; *see also*, *Rothstein v. Option One Mortg. Corp.*, No. CV 03-07135 FMC, 2003 U.S. Dist. LEXIS 20708, at *5 (C.D. Cal. Nov. 4, 2003) ("Although federal courts have original jurisdiction in cases involving RESPA violations, they do not have exclusive jurisdiction.").[2] Likewise, "state

---

[2] Jones suggests that state courts might not have concurrent jurisdiction over cases brought under RESPA sections 2603, 2604 and 2609. This is irrelevant for the purpose of the present case because RESPA doesn't allow for a private right of action for violations of those sections. *See, e.g.*, *Allison v. Liberty Sav.*, 695 F.2d 1086, 1087 (7th Cir. 1982); *Collins v. FMHA-USDA*, 105 F.3d 1366, 1368 (11th Cir. 1997), cert. den. 521 U.S. 1127 (1997), reh'g den. 521 U.S. 1144 (1997); *Schwitzer v. Wells Fargo Bank, N.A.*, No. 12-cv-01367-RBJ-MJW, 2012 U.S. Dist. LEXIS 186190, at *13 (D. Colo. Dec. 20, 2012); *Lingad v. IndyMac Fed. Bank*, 682 F. Supp. 2d 1142, 1151 (E.D. Cal. 2010).

courts have concurrent jurisdiction over TILA claims . . . ." *Kent v. Celozzi-Ettleson Chevrolet, Inc.*, No. 99 C 2868, 1999 U.S. Dist. LEXIS 17282, at *24 (N.D. Ill. Nov. 1, 1999); *see* 15 U.S.C. § 1640(e); *see also*, *Bolden v. Wells Fargo Bank, N.A.*, No. 14 C 403, 2014 U.S. Dist. LEXIS 161521, at *10 (N.D. Ill. Nov. 18, 2014) ("state and federal courts have concurrent jurisdiction over RESPA and TILA claims . . . ." (explaining cite to *Byrd v. Homecomings Fin. Network*, 407 F. Supp. 2d 937, 943 (N.D. Ill. 2005))). These counterclaims may proceed in state court, and don't provide a compelling basis to allow removal four years too late.

Jones also mentions Title X in her opposition to remand, and elaborates in her amended response with a discussion of potential issues arising under the "DOD [*sic*] Frank Act (Regulation X and Consumer Protection Financial Act)." (DE 22 at 17.) Title X of the 2010 Dodd-Frank Wall Street Reform and Consumer Protection Act is also known as the Consumer Financial Protection Act, and it established the Bureau of Consumer Financial Protection ("CFPB"). Dodd-Frank transferred rulemaking authority under TILA and RESPA to the CFPB. Regulation X, issued by the CFPB in November 2013, addressed disclosures that consumers receive under RESPA in connection with mortgage loans. *See* "Amendments to the 2013 Integrated Mortgage Disclosures Rule Under the Real Estate Settlement Procedures Act (Regulation X) and the Truth In Lending Act (Regulation Z) and the 2013 Loan Originator Rule Under the Truth in Lending Act (Regulation Z)," CFPB, Federal Register, available at https://www.federalregister.gov/articles/2015/02/19/2015-01321/amendments-to-th

9

e-2013-integrated-mortgage-disclosures-rule-under-the-real-estate-settlement (regulatory text dated Jan. 18, 2015). This is as far into the CFPB alphabet soup as I am prepared to dive without any more direction from Jones as to her intended argument – Title X and Regulation X relate to the creation of the CFPB and its rulemaking authority with respect to RESPA and TILA, both of which I've already noted allow for state court jurisdiction.

And for good measure, although I didn't see it, if Jones tucked the Fair Debt Collection Practices Act ("FDCPA") into her briefing somewhere, federal courts don't have exclusive jurisdiction over that one, either. *See, e.g.*, *Nieves v. Bank of Am., N.A.*, No. 14-cv-2300, 2015 U.S. Dist. LEXIS 20383, at *17 (N.D. Ill. Feb. 20, 2015) ("the FDCPA, RESPA and TILA grant concurrent jurisdiction in federal and state courts" (citing 15 U.S.C. § 1692k(d), 12 U.S.C. § 2614, and 15 U.S.C. § 1640(e))).

In sum, the federal statutes Jones references don't preclude state jurisdiction, even setting aside the fact that they arise in counterclaims rather than claims.

Jones's best shot at equitable tolling (if removal was ever possible at all) is her argument that Wells Fargo somehow deceived her and prevented her from being able to remove the case. Had this actually happened equitable tolling might be appropriate. But it didn't, at least not based on anything Jones has said in her briefing. The federal issues Jones raises come up in her counterclaims against Wells Fargo. Not only was Wells Fargo not required to raise these issues in its simple mortgage foreclosure state action, but it would have been exceedingly strange for Wells Fargo to have done so. The

fact that Wells Fargo didn't lay out all possible claims imaginable for each party in its Complaint is not a basis for tolling. In any event, Jones states that she knew about her federal law counterclaims by May 2011, yet she waited another three-and-a-half years to remove the case to federal court. She mentions a "volunteer attorney" who seems to have failed to advise her that removal should happen sooner rather than later, but what that attorney told Jones won't be held against Wells Fargo, and poor counsel (although it's not clear exactly what attorney-client relationship existed) won't overcome the substantial tardiness at play in this case. Jones also suggests that Wells Fargo prevented her from removing the case by making settlement offers, essentially stringing her along. If there were some evidence that Wells Fargo had told her not to remove the case because they were about to settle, and she had held off and just missed the deadline in reliance on a promise from Wells Fargo, then this argument might hold water. But plainly that's not what happened here – Jones didn't just wait a bit to see if they could settle, she waited over four years. Over that period of time, her legal strategy decisions are her own.

Jones's last two arguments in favor of equitable tolling are that she was self-represented, and the state court was discouraging towards her and made her disinclined to file anything in court. While I am inclined to be more lenient with a *pro se* party than a represented one, the sheer length of time here is insurmountable. As I noted, equitable tolling is an extraordinary remedy that I can't invoke lightly. "Mistakes of law or ignorance of proper legal procedures are not extraordinary circumstances

warranting invocation of the doctrine of equitable tolling. Indeed, permitting equitable tolling of a statute of limitation for every procedural or strategic mistake made by a litigant (or his attorney) would render such statutes of no value at all to persons or institutions sued by people who don't have good, or perhaps any, lawyers." *Arrieta v. Battaglia*, 461 F.3d 861, 867 (7th Cir. 2006) (quotation marks and citations omitted). Jones understood in May 2011 that there were federal issues in play that she might prefer to get into federal court. The time for removal is not a secret, it's stated in the Federal Rules of Civil Procedure. One could use a public computer to search in a search engine for "time to move case to federal court," click on the first search hit entitled "Removal jurisdiction - Wikipedia, the free encyclopedia," and read the subsection with the header "Timeliness of removal," which states the 30-day filing deadline. *See* http://en.wikipedia.org/wiki/Removal_jurisdiction (last visited May 15, 2015). Jones's failure to do any of this during the first four years of the case indicates either a lack of diligence or a strategic decision not to remove the case; either way, there is no basis to apply equitable tolling. And finally, the fact that a state court judge may have been less than patient with Jones in no way indicates that she was prevented from removing the case (one might think she would have done it posthaste after her encounter with the state court).

Based on all of the information presented in this case, no one prevented Jones from removing the case sooner.

Jones also gets into the merits of the underlying case in arguing for equitable tolling, including alleging that Wells Fargo's state complaint was deceptive and abusive. Jones has sought to have the state court and this Court find invalid the assignment of her mortgage from one bank to another, which would eliminate Wells Fargo's standing as the mortgage-holder. I denied Jones's motion to strike from the record the note evidencing assignment of the mortgage. (DE 7, 18.) But all of this is neither here nor there; the merits of Wells Fargo's claims against Jones don't impact removal, and are for the state court to decide.

I don't need to get into the lack of agreement to removal by the other defendants, so I won't. I also don't need to get into the propriety of Jones's filing an amended response to the motion to remand – I read her original and amended responses, and the outcome of the motion to remand is the same either way, so the issue of her filing two responses is moot. I do need to address the presence on the docket, attached to Jones's amended response, of material labeled "CONFIDENTIAL SETTLEMENT COMMUNICATION" without the consent of the sender and without sealing it or redacting the text sent by the nonconsenting party. That should not have been filed publicly on the record and Wells Fargo has a legitimate interest in maintaining the privacy of such communications, so the Motion to Strike DE 22 is **GRANTED**. (DE 23.)

## CONCLUSION

**FOR THE FOREGOING REASONS** Wells Fargo's Motion to Remand is **GRANTED**. (DE 11.) Jones's motion for leave to proceed *in forma pauperis* is therefore

13

**DENIED AS MOOT**. (DE 3.) Plaintiff Wells Fargo's Motion to Strike DE 22 is **GRANTED** and the Clerk of Court is **DIRECTED** to strike DE 22 from the docket. (DE 23.) I **ORDER** this case remanded to Indiana Circuit Court for Allen County. All hearings, deadlines, and any remaining motions in this case in this Court are therefore **VACATED**.

    **SO ORDERED.**

    ENTERED: May 15, 2015

                                            /s/ Philip P. Simon
                                        **PHILIP P. SIMON, CHIEF JUDGE**
                                        **UNITED STATES DISTRICT COURT**